# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

In re:

MIRACLE HILL NURSING AND            Case No.: 23-40398-KKS
REHABILITATION CENTER, INC.,           Chapter 11

    Debtor.
_____/

## 1329 ABRAHAM STREET HOLDINGS LLC'S MOTION TO COMPEL DOCUMENT PRODUCTION FROM DEBTOR

Creditor, 1329 ABRAHAM STREET HOLDINGS LLC ("1329 ASH"), by and through undersigned counsel, by and through undersigned counsel, pursuant to Fed.R.Bank.P. 2004 and 9016 and 11 U.S.C. § 105(a) and Local Rule 2004-1, hereby moves to compel Debtor, MIRACLE HILL NURSING AND REHABILITATION CENTER, INC. ("Debtor"), to produce documents requested pursuant to 1329 AHS' Rule 2004 Examination *Duces Tecum* [D.E. 62], and in support thereof, states as follows:

### BACKGROUND

1. On October 12, 2023 ("Petition Date"), the Debtor filed its voluntarily petition for relief under Title 11, Chapter 11 of the U.S. Bankruptcy Code ("Estate").

2. The Debtor continues to manage and operate its affairs as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. To date, no trustee or examiner has been appointed.

3. On November 1, 2023, 1329 AHS filed and served its Notice of Rule 2004 Examination *Duces Tecum* of the Debtor ("Rule 2004") [D.E. 62], requesting the Debtor to produce certain documents on or before November 22, 2023 related to the Debtor's business and financial affairs. The requested discovery is targeted to the Debtor's pre-petition business operations and falls squarely within the scope of permitted discovery. *See* Fed.R.Bankr.P. 2004(b) ("The examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge").

4. Despite undersigned conferring with Debtor's counsel in good faith to pare down the requests and narrow the scope of documents sought, and Debtor's counsel subsequently advising undersigned that the Debtor would "do a rolling production", as of the date of this Motion, the Debtor has provided an insignificant number of documents responsive to the Rule 2004, consisting of (i) incomplete, disorganized bank statements, (ii) the Management Agreement and AHCA License Application, and (iii) limited loan documents and financing statements for the SBA, HUD, and Synovus.

## ARGUMENT

5. Local Rule 2004-1 provides that request for production of documents may be construed as request under Bankruptcy Rule 7034. *See* FLNB L.R. 2004-1(C).

6. Pursuant to Fed.R.Civ.P. 37, made applicable by Fed.R.Bank.P. 7037, a party seeking discovery may move for an order compelling production if a party fails to produce documents as requested under Fed.R.Civ.P. 34 or provides an evasive or incomplete response. Fed.R.Civ.P. 37(a)(3)(B)(iv) and (a)(4).

7. To date, the Debtor has not filed or served its written response to the Rule 2004 as required by Rule 34(2), made applicable by Bankruptcy Rule 7034.

8. The Debtor's failure to respond to the Rule 2004 and provide basic information requested by 1329 AHS not only violates the Debtor's duties under 11 U.S.C. §§ 1107 and 1106(a) (and 11 U.S.C. § 704(a)), but also prejudices 1329 AHS' rights, particularly in connection with the upcoming Final Hearing on the Debtor's Emergency Motion for Authority to Use Cash Collateral [D.E. 23] presently scheduled for November 29, 2023 [D.E. 56].

9. The Debtor's refusal and/or inability to provide meaningful and fulsome information frustrates 1329 AHS' investigations, obstructs visibility and understanding of the Debtor's business and financial affairs, and impedes the Estate's potential recovery for the benefit of all creditors.

10. Despite the Debtor having a management company (Innovative Health Care Management Services Inc.) who apparently has been managing the Debtor's skilled nursing and rehabilitation center since at least December 2022, the Debtor has been unable and/or unwilling to provide basic information and data about the Debtor's business operations, including simple documents such as tax returns, profit and losses, recent surveys and plans of correction – all of which should be easily accessible by the Debtor and its management company.

11. Pursuant to Fed.R.Civ.P. 37(a)(1), undersigned counsel certifies that prior to the filing of this Motion she made an effort to confer with Debtor's counsel regarding the outstanding discovery issues described herein but was unable to resolve the matter without Court action.

12. Accordingly, 1329 AHS respectfully seeks entry of an order compelling the Debtor to immediately produce all requested documents and information responsive to the Rule 2004.

13. 1329 AHS expressly reserves the right to amend or supplement this Motion to any time prior to or at hearing on this matter.

**WHEREFORE**, for the reasons set forth herein, 1329 Abraham Street Holdings LLC respectfully requests this Court enter an Order (i) granting this Motion; (ii) compelling the Debtor to immediately produce all documents and information pursuant to the Rule 2004; (iii) awarding 1329 AHS its attorney's fees

and costs in connection with this Motion pursuant to Fed.R.Civ.P. 37; and (iv) for such other and further relief as the Court deems just and proper.

> **READ LAW PLLC**
> *Counsel for Secured Creditors,*
> *1329 Abraham Street Holdings LLC*
> 25 SE 2nd Ave, Ste 828
> Miami, Florida 33131
> Phone: (305) 209-2131
> asr@alexisreadlaw.com
>
> By:  /s/ *Alexis S. Read, Esq.*
>   Alexis Sophia Read, Esq.
>   Fla. Bar No. 98084

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 9013-1(A)(2)

The undersigned counsel certifies she communicated with Debtor's counsel by e-mail and phone prior to the filing of this Motion in an effort to obtain the documents requested by the Rule 2004 and was unable to resolve this matter without judicial intervention.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 22, 2023, a true and correct copy of the foregoing was served via Notice of Electronic Filing (CM/ECF) to all parties on the Court's Service List:

- Blake J. Delaney    blake.delaney@bipc.com, kara.bernstein@bipc.com;eservice@bipc.com;donna.curcio@bipc.com;joseph.roadarmel@bipc.com
- Jodi Daniel Dubose    jdubose@srbp.com, jdubose.ecf@srbp.com

- Katherine C Kerwin    katherine.kerwin@usdoj.gov, Marsha.S.Francis@usdoj.gov;caseview.ecf@usdoj.gov;Kristina.Bennett@usdoj.gov
- Conor McLaughlin    conor.mclaughlin@usdoj.gov
- Eric Scott Pendergraft    ependergraft@slp.law, dwoodall@slp.law;dlocascio@slp.law;pmouton@slp.law
- Adina L. Pollan    apollan@mcglinchey.com, nreid@mcglinchey.com
- Alexis Sophia Read    asr@alexisreadlaw.com
- Scott A. Stichter    sstichter.ecf@srbp.com
- United States Trustee    USTPRegion21.TL.ECF@usdoj.gov

**READ LAW PLLC**
*Counsel for Secured Creditor,*
*1329 Abraham Street Holdings LLC*
25 SE Second Ave, Ste 828
Miami, Florida 33131
Phone: (305) 209-2131
asr@alexisreadlaw.com

By:    /s/ *Alexis S. Read*
    Alexis S. Read, Esq.
    Fla. Bar No. 98084