UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

In re:                                                                   Chapter 11

MIRACLE HILL NURSING AND                      Case No. 23-40398-KKS
REHABILITATION CENTER, INC.,

     Debtor.
_____/

**AMENDED[1] MOTION TO COMPEL TURNOVER OF
CORPORATE BOOKS & RECORDS FROM WILLIE J. WILLIAMS**

MIRACLE HILL NURSING AND REHABILITATION CENTER, INC. (the "**Debtor**"), respectfully requests the entry of an order compelling Willie J. Williams ("**Williams**") to turnover the books and records of the Debtor, and in support thereof, the Debtor respectfully represents as follows:

**Background**

1. On October 12, 2023 (the "**Petition Date**"), the Debtor filed its Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

2. The Debtor continues to operate its business and manage its property as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] Amended only to remove references to Exhibit B.

3. The Debtor is a non-profit entity operating a nursing care facility (the "**Facility**"). The Debtor has historically played an important role in the community and continues to fulfill its mission of providing services to people in need. The Debtor is in the midst of a remarkable turnaround, including improvements in patient care, its position in the community, and its operational and financial performance. For more information on the Debtor and the reasons for the bankruptcy filing, please see the Case Management Summary (Doc. No. 21) and the Disclosure Statement for Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (Doc. No. 170).

4. Williams was an officer/President of the Debtor, a member/Chairman of its Board of Directors, and/or operated the Facility from approximately 1990 until late 2022. Williams is listed as an officer or director of the Debtor on its annual reports from April 1990 until November 2022. *See* **Exhibit A** attached hereto. During the time that Willaims was the President of the Debtor and operated the Facility, he was responsible for maintaining the books and records of the Debtor.

5. In late 2022, following a dispute amongst the members of the Board of Directors of the Debtor, Williams was removed as President. Litigation ensued as a result of actions taken by Williams prior to his departure, and on the Petition Date, there was a discovery request to Williams pending in state court litigation that sought production of the Debtor's books and records during Williams' tenure as President. A complete list of the books and records of the Debtor believed to formerly and/or

currently be in Williams' possession is attached hereto as <u>Exhibit A</u> and incorporated herein by reference (collectively, the "**Records**").

6. Through this Amended Motion, the Debtor seeks turnover of all Records and any other recorded information of the Debtor and relating to the Debtor's property or financial affairs in William's possession, custody, or control, including but not limited to the items listed on <u>Exhibit A</u>. Such Records are subject to turnover.

## Relief Requested and Basis for Relief

7. The Debtor seeks turnover of the Records and any other recorded information, books, documents, records, and papers relating to the Debtor's property or financial affairs, including but not limited to the items listed on <u>Exhibit A</u>, pursuant to § 542(e) of the Bankruptcy Code.

8. Section 542(e) provides, in pertinent part:

> Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.

11 U.S.C. § 542(e).

9. A chapter 11 bankruptcy estate is comprised of "any interest in property that the estate acquires after the commencement of the case." 11 U.S.C. § 541(a)(7). Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as a stay of "any act to. . . exercise control over property of the estate." 11

U.S.C. § 362(a)(3). Further, actions taken in violation of the automatic stay are void. *See United States v. White*, 466 F.3d 1241, 1244 (11th Cir. 2006) ("It is the law of this Circuit that '[a]ctions taken in violation of the automatic stay are void and without effect.'").

10. The importance of turnover as a remedy in this Chapter 11 case cannot be overstated. Congress included "orders to turn over property of the estate" among the "core" proceedings that bankruptcy judges "may hear and decide." 28 U.S.C. § 157(b)(2)(E). Indeed, this Court's "exercise of exclusive jurisdiction over all the debtor's property" is one of the "[c]ritical features of every bankruptcy proceeding." *In re Garcia,* 471 B.R. 324, 329 (Bankr. D.P.R. 2012) (quoting *Central Va. Comm. College v. Katz,* 546 U.S. 356, 363-64, 126 S. Ct. 990, 163 L. Ed. 2d 945 (2006)); *accord In re SE Materials, Inc.,* 467 B.R. 337 (Bankr. M.D.N.C. 2012).

11. A party who knowingly refuses to turnover property of an estate following request violates the automatic stay. *In re Underground, LLC*, 2010 WL 4642054, at *1 (Bankr. D. Wyo. 2010) ("[A] refusal to turn over property is a violation of the automatic stay."); *In re Williams*, 316 B.R. 534, 543 (Bankr. E.D. Ark. 2004) (finding that GMAC's failure to turn over the debtor's property, once it became aware of the bankruptcy filing, constituted a willful violation of the automatic stay); *In re Metromedia Fiber Network, Inc.*, 290 B.R. 487, 490 (Bankr. S.D. N.Y. 2003) ("This Court agrees with those decisions holding that refusal to turn over property of a

4

debtor's estate to the debtor upon demand constitutes an "exercise of control" over the debtor's property within the scope of § 362(a)(3)")

12. The Records, including but not limited to the items listed on <u>Exhibit A</u>, constitute the Debtor's records and recorded information such as books, documents, records, and papers. The Records constitute property of the estate and are of significant importance to the Debtor and the estate, as well as material evidence in the pending adversary proceeding created by removal of the state court litigation with 1329 Abraham Holdings, LLC.

WHEREFORE, the Debtor respectfully requests that this Court enter an order (i) granting this Amended Motion; (ii) compelling Williams to turn over all recorded information, including the Records and other books, documents, records, and papers relating to the Debtor's property or financial affairs, and specifically including the items listed on <u>Exhibit A</u>; and (iii) providing such other and further relief as is just and proper.

        <u>/s/ Scott A. Stichter</u>
Scott A. Stichter (FBN 0710679)
Jodi D. Dubose (FBN 52651)
**STICHTER, RIEDEL, BLAIN & POSTLER, P.A.**
110 East Madison Street, Suite 200
Tampa, FL 33602
Telephone: (813) 229-0144
Email: <u>sstichter@srbp.com</u>;
<u>jdubose@srbp.com</u>
Counsel for Debtor

4857-0364-6133, v. 1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Amended Motion to Compel Turnover from Willie J. Williams* has been furnished on this 8th day of April, 2024, by the Court's electronic CM/ECF noticing system to the United States Trustee and all other parties receiving CM/ECF electronic noticing:

Paul Burke on behalf of Creditor Synovus Bank c/o Burke Moore Law Group, LLP
pleadings@burkemoore.com

Blake J. Delaney on behalf of Creditor Caterpillar Financial Services Corporation
blake.delaney@bipc.com, kara.bernstein@bipc.com; eservice@bipc.com; donna.curcio@bipc.com;joseph.roadarmel@bipc.com

Jodi Daniel Dubose on behalf of Debtor/Defendant Miracle Hill Nursing and Rehabilitation Center, Inc.  jdubose@srbp.com, jdubose.ecf@srbp.com

Katherine C Kerwin on behalf of Creditor United States Department of Housing and Urban Development and Creditor United States Small Business Administration
katherine.kerwin@usdoj.gov,Marsha.s.francis@usdoj.gov;caseview.ecf@usdoj.gov; Kristina.Bennett@usdoj.gov

Conor McLaughlin on behalf of U.S. Trustee United States Trustee
conor.mclaughlin@usdoj.gov

Eric Scott Pendergraft on behalf of Creditor KeyBank, National Association
ependergraft@slp.law, dwoodall@slp.law;dlocascio@slp.law;pmouton@slp.law

Adina L. Pollan on behalf of Defendant/Interested Party Florida State Primitive Baptist Convention, Inc. and Interested Party Willie J. Williams
apollan@mcglinchey.com, nreid@mcglinchey.com

Alexis Sophia Read on behalf of Creditor/Plaintiff 1329 Abraham Street Holdings LLC asr@alexisreadlaw.com

Heather L. Ries on behalf of Premier Healthcare Staffing Solutions, LLC
hries@foxrothschild.com

Scott A. Stichter on behalf of Debtor/Defendant Miracle Hill Nursing and Rehabilitation Center, Inc.  sstichter.ecf@srbp.com

4857-0364-6133, v. 1

United States Trustee USTPRegion21.TL.ECF@usdoj.gov

Chantel Wonder on behalf of Florida Date Primitive Baptist Convention, Inc. cwonder@mcglinchey.com rwalters@mcglinchey.com

Byron Wright III on behalf of Shaun E. Laurie, M.D. twright@brunerwright.com

Chantel Christine Wonder on behalf of Interested Party Florida State Primitive Baptist Convention, Inc. and Willie J. Williams cwonder@mcglinchey.com, rwalters@mcglinchey.com

      */s/ Scott A. Stichter*
Scott A. Stichter (FBN 0710679)
**STICHTER, RIEDEL, BLAIN & POSTLER, P.A.**
110 East Madison Street, Suite 200
Tampa, FL  33602
Telephone: (813) 229-0144
Email: sstichter@srbp.com;
Counsel for Debtor

7

**Definitions**

The "1329 Abraham Transaction" collectively means the 2022 transaction(s) between Miracle Hill and 1329 Abraham Holdings, LLC, ultimately documented through the *Asset Purchase Agreement*; *Promissory Note* dated July 20, 2022; the *Real Estate Mortgage Security Agreement and Assignment of Leases and Fixture Filing* dated July 20, 2022; and the *UCC-1 Financing Statement* filed on July 26, 2022 under Filing No. 20220241726.

"Communication" means every manner of transmitting or receiving facts, information, opinions or thoughts (including, but not limited to: visually; orally; in writing; by digital, analog, electronic, magnetic, telephonic, or other mechanical means; or otherwise), including, without limitation, oral conversations, telephone calls, written correspondence, memoranda or notes, meetings document transmittals, facsimiles, e-mails, text messages, digital messages, or any other method by which information is transmitted.

The "Debtor" or "Miracle Hill" means the Debtor in this Chapter 11 bankruptcy case, MIRACLE HILL NURSING AND REHABILITATION CENTER INC., and includes any fictious names, aliases, managers, members, chairmen, insiders, officers, directors, employees, agents, attorneys, associates, predecessors, successors, assigns, affiliates, subsidiaries, divisions, partners, parents, joint ventures, representatives, deacons, ministers, elders, delegates, and any

4857-0364-6133, v. 1

and all other persons acting on behalf, acting for, purporting to act for, or subject to or under the control of MIRACLE HILL NURSING AND REHABILITATION CENTER INC., or its subsidiaries, parents, predecessors or successors.

"Document" means "Document", "documents", or "documentation" means the original or a copy of any tangible thing from or on which Information can be stored, recorded, processed, transmitted, inscribed, or memorialized in any way by any means, regardless of technology or form an including, but not being limited to: accounting books or records; accounts; account statements; affidavits; agendas; agreements; analyses; applications; appointment books; appraisals; audio tapes; balance sheets; bordereaux; books; books or records of account; brochures; cables; calendars; catalogues; CD-ROMs; certificates; charts; circulars; compact discs; computer printouts; contracts; correspondence; data processing input and output; deeds; deposition transcripts; desk calendars; diaries; digital images; drafts; DVDs; DVD-ROMs; electrical recordings; electronically stored Information, e-mail communications; evaluations; Excel spreadsheets; experiments; faxes; facsimiles; films; financial statements; floppy disks; guides; guidelines; hard copies of electronic, electrical, magnetic or any other communications not made on paper; hard disk drives; hearing transcripts; income statements; instant messages; interoffice communications; journals; ledgers; letters; lists; logs; magazines; magazine articles; magnetic recordings, magnetic tapes; manuals; memoranda;

4857-0364-6133, v. 1

microfilms; minutes; newspapers, newspaper articles; notations, notebooks; notes; objects; opinions; papers; photographs; policies; powerpoint presentations; procedures; profit and loss statements, prospectuses; receipts; recordings; releases; reports; schedules; signature cards; sound recordings; spreadsheets; statements; statements of cash flow; statistical records; stock certificates; summaries of accounts; summaries; tables; tabulations; tangible things; telecommunications; telegrams; telefaxes; telex messages; tests; text messages; titles; transcripts; videos; videotapes; websites; work papers; and any other writings, be they typewritten, handwritten, printed, stored in or on any form of electronic or magnetic media, or otherwise, and other records, recordings or pictures of any kind or description. Each copy of a document which contains any separate notations or writings thereon shall be deemed to be a separate document for purposes of these requests. Any document identified will include any document, in draft or final form, either sent or received by You. This term also includes any documents now or ever in Your possession, custody or control, or available to You, Your attorneys, accountants, agents, representatives, employees, or associates, and specifically includes documents kept by individuals in their desks, at home, or elsewhere. "Documents" shall also mean all electronic data storage documents or electronically stored information (ESI) including, but not limited to, e-mails and any related attachments, electronic files or other data compilations which relate to the categories of documents as requested

below. Your search for these electronically stored documents shall include all of Your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, proprietary software, and inactive or unused computer disc storage areas.

The "HUD Transaction" means the 2006 transaction(s) between Miracle Hill and the U.S. Department of Housing and Urban Development, ultimately documented through the *Regulatory Agreement for Multifamily Housing Projects* dated November 28, 2006, as subsequently amended and/or extended from time to time.

A "Director" or collectively the "Miracle Hill Board of Directors" means the board of directors of Miracle Hill.

"Relating to," "related" or "relating" means, directly or indirectly, refer to, mention, describe, pertain to, arise out of or in connection with or in any way legally, logically, or factually connected with the matter discussed.

The "State Court Litigation" means the lawsuit filed by 1329 Abraham Holdings, LLC, in the Circuit Court for Leon County, Florida, under Case No. related to the 1329 Abraham Transaction.

"You" or "Your" shall refer to DR. WILLIE J. WILLIAMS, and includes any fictious names, aliases, insiders, employees, agents, attorneys, associates,

predecessors, successors, assigns, affiliates, partners, joint ventures, representatives, and any and all other persons acting on behalf, acting for, purporting to act for, or subject to or under the control of DR. WILLIE J. WILLIAMS.

## **Demand for Production of Corporate Books and Records**

Produce all books and records of the Debtor from 2006 – 2022 in your possession or control (defined herein above as the "**Records**") , including but not limited to:

1.   Any and all organizational documents for Miracle Hill from 2006 – 2022, including but not limited to (i) articles of incorporation or restated articles of incorporation and all amendments to them currently in effect, and (ii) bylaws or restated bylaws and all amendments to them currently in effect.

2.   Any and all records of corporate meetings and/or corporate actions taken by the Miracle Hill Board of Directors from 2006 – 2022, including but not limited to (i) minutes, memoranda and/or notes from all board of directors meetings, (ii) records of any and all action taken by directors with or without a meeting, (iii) minutes, memoranda and/or notes from all meetings of any committee of the Miracle Hill Board of Directors, and (iv) records of any and all actions taken by a committee of the Miracle Hill Board of Directors in place of the board of directors on behalf of the corporation.

12

3. Accurate accounting records for Miracle Hill from 2006 – 2022, including but not limited to (i) any and all financial statements furnished to any third party, whether audited or unaudited, (ii) final filed copies of all local, state or federal tax returns of Miracle Hill for the tax years 2006 – 2022, together with all supporting schedules and documentation, and (iii) balance sheets, profit and loss statements, statements of operation, or other financial records evidencing the financial status of Miracle Hill.

4. Documents relating to financial, contractual, or other transactions involving Miracle Hill from 2006 – 2022 which directly or indirectly benefitted Williams or any affiliate, agent, or insider of Williams.

5. Documents related to the HUD Transaction, including but not limited to any and all contracts, financing agreements, memoranda of understanding, letters of commitment, due diligence materials, communications, or other written or electronic evidence of such Transaction.

6. Documents related to the 1329 Abraham Transaction, including but not limited to any and all contracts, financing agreements, memoranda of understanding, letters of commitment, due diligence materials, communications, or other written or electronic evidence of such Transaction.

7. Your Communications with any other person from 2006 – 2022 related to or alluding to (i) the HUD Transaction, (ii) the 1329 Abraham Transaction, (iii)

Your attempt(s) to declare certain members of the Miracle Hill Board of Directors "out of order" in 2022, and (iv) the State Court Litigation.

4857-0364-6133, v. 1

FILE NOW! THIS ANNUAL REPORT WILL BE DELINQUENT AFTER JULY 1ST

CORPORATION
ANNUAL REPORT
1990

Secretary of State
DIVISION OF CORPORATIONS

Filing Fee of $35 Required — Make Checks Payable To: Secretary of State

**715374 5**

ZIP + 4 PRESORT
MIRACLE HILL NURSING AND CONVALESCENT HOME, INC.
CONVALESCENT HOME INC
1329 ABRAHAM ST.
TALLAHASSEE FLA 32304-1907

10/03/1968        FEI Number: 59-1275598

| | Name of Officers and Directors | Street Address of Each Officer and Director | City and State |
|---|---|---|---|
| P/V | MANNING, CHARLIE | 3115 GALLIMORE DR. | TALLAHASSEE, FL 00000 |
| D | SHINGLES, JOSEPH | RT 35 BOX 1270 | TALLAHASSEE, FL 00000 |
| D | BUTLER, LEONARD | 5448 VAN BUREN RD. | DELRAY BCH., FL. |
| D | LEE, JOHN DAVID SR. | 724 TWIN TREE RD. | DEFUNIAK SPRINGS, FL. |
| V | SMITH, CLINTON | 1205 RICHMOND ST | TALLAHASSEE, FL. |

### REGISTERED AGENT INFORMATION

MANNING, CHARLIE
1329 ABRAHAM STREET
TALLAHASSEE, FLORIDA 32304

FL.

Date: 2-14-90

Charlie Manning          Chairman          (904) 599-3541

Exhibit A

**2022 FLORIDA NOT FOR PROFIT CORPORATION AMENDED ANNUAL REPORT**

DOCUMENT# 715374

**FILED**
**Nov 03, 2022**
**Secretary of State**
**9422229133CC**

**Entity Name:** MIRACLE HILL NURSING AND REHABILITATION CENTER, INC.

**Current Principal Place of Business:**

1329 ABRAHAM STREET
TALLAHASSEE, FL 32304

**Current Mailing Address:**

1329 ABRAHAM STREET
TALLAHASSEE, FL 32304

**FEI Number:** 59-1275598

**Certificate of Status Desired:** No

**Name and Address of Current Registered Agent:**

GAINES, ROLAND H
1329 ABRAHAM STREET
TALLAHASSEE, FL 32304 US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE: ROLAND H GAINES                                                                 11/03/2022
             Electronic Signature of Registered Agent                                         Date

**Officer/Director Detail :**

| | | | |
|---|---|---|---|
| Title | C | Title | PRESIDENT |
| Name | GAINES, ROLAND H | Name | WILLIAMS, WILLIE JUNIOR DR. |
| Address | 7093 ED WILSON LANE | Address | 327 BLUEWATER FALLS CT |
| City-State-Zip: | TALLAHASSEE FL 32312 | City-State-Zip: | APOLLO BEACH FL 33572 |
| Title | DIRECTOR | Title | DIRECTOR |
| Name | WASHINGTON, KENNETH L. | Name | WILLIAMS, CEDRIC |
| Address | 1992 N.W. 57TH STREET | Address | 1329 ABRAHAM STREET |
| City-State-Zip: | MIAMI FL 33142 | City-State-Zip: | TALLAHASSEE FL 32304 |
| Title | ELDER | Title | ELDER |
| Name | GAINES, ROBERT | Name | OSBORNE, RODNEY |
| Address | 1329 ABRAHAM STREET | Address | 1329 ABRAHAM STREET |
| City-State-Zip: | TALLAHASSEE FL 32304 | City-State-Zip: | TALLAHASSEE FL 32304 |
| Title | ELDER | | |
| Name | ROBINSON , CLEM | | |
| Address | 1329 ABRAHAM STREET | | |
| City-State-Zip: | TALLAHASSEE FL 32304 | | |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am an officer or director of the corporation or the receiver or trustee empowered to execute this report as required by Chapter 617, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: WILLIE JUNIOR WILLIAMS                              PRESIDENT                    11/03/2022
             Electronic Signature of Signing Officer/Director Detail                                     Date

Exhibit A

# 2022 FLORIDA NOT FOR PROFIT CORPORATION AMENDED ANNUAL REPORT

DOCUMENT# 715374

**Entity Name:** MIRACLE HILL NURSING AND REHABILITATION CENTER, INC.

**FILED**
**Dec 06, 2022**
**Secretary of State**
**0852289596CC**

**Current Principal Place of Business:**

1329 ABRAHAM STREET
TALLAHASSEE, FL 32304

**Current Mailing Address:**

1329 ABRAHAM STREET
TALLAHASSEE, FL 32304

**FEI Number:** 59-1275598

**Certificate of Status Desired:** Yes

**Name and Address of Current Registered Agent:**

GIBSON, JAMES ESQ.
1329 ABRAHAM STREET
TALLAHASSEE, FL 32304 US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE:  JAMES GIBSON                                                                                                                     12/06/2022
             Electronic Signature of Registered Agent                                                                                          Date

**Officer/Director Detail :**

| | | | |
|---|---|---|---|
| Title | C | Title | PRESIDENT |
| Name | PRICE, TERRY | Name | BURNEY, CHRIS A ELDER DR. |
| Address | 3166 FERNS DR. | Address | 5820 NORTH MONROE ST. |
| City-State-Zip: | TALLAHASSEE FL 32309 | City-State-Zip: | TALLAHASSEE FL 32303 |
| Title | DIRECTOR | Title | DIRECTOR |
| Name | CHESTER, JAMES H ELDER DR. | Name | WILLIAMS, CEDRIC |
| Address | 1730 ECHO LAKE DR. | Address | 1329 ABRAHAM STREET |
| City-State-Zip: | WEST PALM BEACH FL 33407 | City-State-Zip: | TALLAHASSEE FL 32304 |
| Title | ELDER | Title | SECRETARY |
| Name | OSBORNE, RODNEY | Name | ISRAEL, MICHAEL |
| Address | 1329 ABRAHAM STREET | Address | 899 COLLIER BLVD |
| City-State-Zip: | TALLAHASSEE FL 32304 | City-State-Zip: | ST. AUGUSTINE FL 32084 |
| Title | DIRECTOR | Title | DIRECTOR |
| Name | HAYES, EDWARD DR. | Name | FORD, F0RD |
| Address | 3009 N MILLER ST. | Address | 9823 KINFOLKS LOOP |
| City-State-Zip: | PENSACOLA FL 32503 | City-State-Zip: | TALLAHASSEE FL 32317 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am an officer or director of the corporation or the receiver or trustee empowered to execute this report as required by Chapter 617, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: CHRIS A BURNEY                                             PRESIDENT                                        12/06/2022
             Electronic Signature of Signing Officer/Director Detail                                                                           Date

Exhibit A