UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION
www.flnb.uscourts.gov

In re:                                              Chapter 11

MIRACLE HILL NURSING AND                            Case No. 23-40398-KKS
REHABILITATION CENTER, INC.,

      Debtor.
_____/

### NOTICE OF RULE 2004 EXAMINATION
### [PRODUCTION OF DOCUMENTS ONLY]

PLEASE TAKE NOTICE that MIRACLE HILL NURSING AND REHABILITATION CENTER, INC. (the "**Debtor**"), by and through its undersigned counsel, requires the production of documents from MSL CPA & Advisors ("**MSL**"), pursuant to Fed. R. Bankr. P. 2004 and Local Rule 2004-1. The production of documents will relate to documents regarding the liabilities and financial condition of the Debtor, or to any matter which may affect the administration of the Debtor.

MSL is required to produce to the undersigned counsel for the Debtor the electronic versions of the items and documents listed on the attached Exhibit A on or before September 26, 2024. The production will occur pursuant to Local Rule 2004-1. The Debtor provides notice to interested parties of the Rule 2004 Examination (Production of Documents Only) as described above.

# EXHIBIT A
# DEFINITIONS AND INSTRUCTIONS

"Debtor" means Miracle Hill Nursing and Rehabilitation Center, Inc.

"Document" is used herein in its broadest sense and shall include, but not be limited to, any original written, typewritten, handwritten, printed, or recorded material, as well as all tapes, disks, non-duplicate copies and transcripts thereof, now or at any time in your possession, custody or control; and, without limiting the generality of the foregoing definition, but for purposes of illustration only, "documents" include notes, correspondence, memoranda, business records, diaries, calendars, address and telephone records, photographs, audio or visual tape recordings, financial statements, records, electronic documents and computer-stored data, whether such data is locally stored, stored on a hard-drive, a computer network or in the "Cloud." Also, the term "document" specifically includes all forms of communications, including e-mails and voicemails.

The terms "documents," "things," and "electronically stored information" as used herein include all matters and things contemplated by those terms under the Florida Rules of Civil Procedure.

"Communication" or "communications," as used herein, includes any and every exchange of information by any means, including, but not limited to oral, written and electronic communications.

The use herein of the singular form of any noun or pronoun shall include where appropriate the plural thereof; the use herein of the masculine gender shall include where appropriate the feminine.

"Reflect" and "refer," as used herein, are intended to have the broadest possible scope so that all documents, including drafts, are included if they in any way constitute, contain, or mention the indicated subject or document. Whenever a document provides part, but less than all, of the information requested, such document should be produced along with all other documents that are related.

The conjunctions "and" and "or" shall be interpreted and construed to mean "and/or" and shall not be interpreted to exclude any information otherwise within the scope of any request. All references to the singular in this Notice of Rule 2004 Examination shall be deemed to include the plural, and all references to the plural shall be deemed to include the singular. All references to the masculine gender shall be deemed to include the feminine and neuter.

As used herein, the word "or" is inclusive, referring to any one or more of the disjoined words or phrases and "any" and "all" also include "each and every." The term "and" should not be construed to exclude from production any document simply because not every subject called for is discussed in the document.

The present tense shall be construed to include the past tense and vice versa.

All documents covered in these Requests shall be produced electronically in an orderly manner (and with appropriate markings or other identification) so that the Creditors and their attorneys will be able to identify the source of the documents, the file(s) in which they were maintained, the person to whom the file(s) belonged, and the numbers of the Requests to which they are responsive. Production shall be sent to [sstichter@srbp.com](mailto:sstichter@srbp.com) and [sstichter.ecf@srbp.com](mailto:sstichter.ecf@srbp.com).

# DOCUMENTS TO BE PRODUCED

1. All documents consisting of Debtor's annual Federal, State, Foreign, or Payroll tax returns for the fiscal year ended 2021.

2. All workpapers, including depreciation schedules and fixed asset schedules, for the tax returns for the tax returns prepared for fiscal year ended 2021.

                                   */s/ Scott A. Stichter*
                                   Scott A. Stichter (FBN 0710679)
                                   **STICHTER, RIEDEL, BLAIN & POSTLER, P.A.**
                                   110 East Madison Street, Suite 200
                                   Tampa, Florida 33602
                                   Telephone: (813) 229-0144
                                   Email: sstichter@srbp.com
                                   Attorneys for Debtor

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing *Notice of Rule 2004 Examination [Document Production Only]* has been furnished on this 6th day of September, 2024, by U.S. Mail to:

| | |
|---|---|
| MSL CPA & Advisors<br>307 W. Park Avenue, Suite 202<br>Tallahassee, Florida 32301<br><br>MSL CPA & Advisors<br>c/o Farlen Halikman<br>255 S. Orange Avenue, Suite 600<br>Orlando, Florida 32801 | MSL, LLC<br>ATTN: Susan Lowell, Registered Agent<br>3051 N.E. 48th Street, Suite 606<br>Fort Lauderdale, Florida 33308 |

and by the Court's electronic mail to the parties listed below:

Paul Burke on behalf of Creditor Synovus Bank c/o Burke Moore Law Group, LLP
pleadings@burkemoore.com

Blake J. Delaney on behalf of Creditor Caterpillar Financial Services Corporation
blake.delaney@bipc.com, kara.bernstein@bipc.com; eservice@bipc.com; donna.curcio@bipc.com;joseph.roadarmel@bipc.com

Jodi Daniel Dubose on behalf of Debtor/Defendant Miracle Hill Nursing and Rehabilitation Center, Inc. jdubose@srbp.com, jdubose.ecf@srbp.com

Katherine C Kerwin on behalf of Creditor United States Department of Housing and Urban Development and Creditor United States Small Business Administration katherine.kerwin@usdoj.gov, Marsha.s.francis@usdoj.gov; caseview.ecf@usdoj.gov; Kristina.Bennett@usdoj.gov

Conor McLaughlin on behalf of U.S. Trustee United States Trustee conor.mclaughlin@usdoj.gov

Jennifer L. Morando on behalf of Defendant/Interested Party Florida State Primitive Baptist Convention, Inc. and Interested Party Willie J. Williams jennifer@heatwolelaw.com

Eric Scott Pendergraft on behalf of Creditor KeyBank, National Association ependergraft@slp.law, dwoodall@slp.law;dlocascio@slp.law;pmouton@slp.law

Alexis Sophia Read on behalf of Creditor/Plaintiff 1329 Abraham Street Holdings LLC asr@alexisreadlaw.com

Heather L. Ries on behalf of Premier Healthcare Staffing Solutions, LLC hries@foxrothschild.com

Scott A. Stichter on behalf of Debtor/Defendant Miracle Hill Nursing and Rehabilitation Center, Inc. sstichter.ecf@srbp.com

United States Trustee USTPRegion21.TL.ECF@usdoj.gov

Chantel Wonder on behalf of Florida Date Primitive Baptist Convention, Inc. and Willie J. Williams cwonder@mcglinchey.com rwalters@mcglinchey.com

Byron Wright III on behalf of Shaun E. Laurie, M.D. twright@brunerwright.com

                                                              */s/ Scott A. Stichter*
                                                              Scott A. Stichter

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

In re  Miracle Hill Nursing and Rehabilitation Center, Inc.    Case No.  23-40398-KKS
                            Debtor                              Chapter  11

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  
| MSL CPA & Advisors | MSL CPA & Advisors | MSL, LLC |
| --- | --- | --- |
| 307 W. Park Avenue, Suite 202 | c/o Farlen Halikman | ATTN: Susan Lowell, Registered Agent |
| Tallahassee, FL 32301 | 255 S. Orange Avenue, Suite 600 | 3051 NE 48th Street, Suite 606 |
| | Orlando, FL 32801 | Fort Lauderdale, FL 33308 |

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
| --- | --- |
|  |  |

The examination will be recorded by this method:  **Delivery of documents to attorney noted below.**

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**The Documents on attached Exhibit A are to be provided to the undersigned counsel on or before September 26, 2024**

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **September 6, 2024**

                                        CLERK OF COURT

                                                                   OR

     *Signature of Clerk or Deputy Clerk*                               *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Miracle Hill Nursing and Rehabilitation Center, Inc., who issues or requests this subpoena, are:
    **Scott A. Stichter, Esquire**
    **Stichter Riedel Blain & Postler, P.A.**
    **110 E. Madison Street, Suite 200**
    **Tampa, FL 33602**
    **813.229.0144**
    **sstichter@srbp.com**

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g)
# (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

# Exhibit A

## DOCUMENTS TO BE PRODUCED

1. All documents consisting of Debtor's annual Federal, State, Foreign, or Payroll tax returns for the fiscal year ended 2021.

2. All workpapers, including depreciation schedules and fixed asset schedules, for the tax returns for the tax returns prepared for fiscal year ended 2021.